dollars costs and disbursements, and the motion denied, with ten dollars costs.

FOLLETT and PARKER, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

---

In the Matter of the Application of THE MANHATTAN RAILWAY COMPANY, Respondent, *v.* JOHN L. STROUB, Appellant, Relative to Acquiring Title to Certain Real Property in the City and County of New York.

*Condemnation of real property — stay pending appeal by the defendant.*

By force of section 3375 of the Code of Civil Procedure the right of a defendant in proceedings for the condemnation of real property to a stay of the plaintiff's proceedings, pending an appeal taken by the defendant to the General Term, is not an absolute one, but the decision of the question as to whether the stay shall be granted or refused rests in the discretion of the court, and must be determined by the circumstances of each case.

The Manhattan Railway Company, operating elevated railroads in the city of New York, having acquired the fee of certain premises, subject to a lease thereof, commenced proceedings under chapter 23 of the Code of Civil Procedure to condemn such leasehold estate therein; the defendant, the owner of the leasehold interest, answered; the issue so joined was tried at Special Term and an interlocutory judgment rendered, adjudging that the plaintiff had a right to acquire the property described in its petition; commissioners were appointed to appraise the defendant's damages, and made an award, which was confirmed at Special Term. The defendant refused to accept the award, which was deposited with the city chamberlain, and appealed to the General Term, and applied for a stay of all proceedings on the part of the plaintiff until the appeal should be decided.

It appeared that the plaintiff had expended about $250,000 on the improvement which the acquisition of the property in suit was necessary to make available; the defendant did not tender any bond to pay damages caused by a stay, in case his appeal should be determined against him, nor was it asserted that the plaintiff was not abundantly able to respond in any sum by which the defendant's damages might be increased, in case a rehearing was ordered.

*Held* (without passing upon the question of power to stay the plaintiff from entering into possession), that the application for a stay should be denied upon the facts.

MOTION by the defendant, John L. Stroub, for a stay of the plaintiff's proceedings pending an appeal taken by the defendant to the

General Term in a proceeding for the condemnation of real property under chapter 23 of the Code of Civil Procedure.

The plaintiff, the Manhattan Railway Company, is a railroad corporation, engaged in the business of transporting persons and property upon elevated railroad tracks in the city of New York.

*Edward C. Perkins,* for the defendant's motion.

*Davies, Short & Townsend,* for the plaintiff, opposed.

FOLLETT, J.:

In February, 1891, the plaintiff acquired the fee of the property affected by these proceedings. The defendant is in possession under a lease granted by a former owner for a term which expires May, 1897. These proceedings were begun June 23, 1892, and the defendant filed and served his answer as permitted by section 3365 of the Code of Civil Procedure. The issue so joined was tried at a Special Term, and an interlocutory judgment rendered adjudicating that the plaintiff had the right to acquire the land and easement described in the petition. Subsequently commissioners were appointed to appraise the damages sustained by the defendant, and they awarded $2,720. On the 5th of June, 1893, their award was confirmed by a Special Term, and an order of confirmation was duly entered. The defendant refused to receive the award, and it has been deposited, pursuant to the order, with the chamberlain of the city. The defendant has appealed to the General Term, from the interlocutory judgment, and from all the orders granted in the proceedings, and now applies for a stay of all proceedings on the part of the plaintiff, until the appeal is decided.

The view we take of the rights of these litigants renders it unnecessary to consider the question, much debated by the counsel for the respective parties, whether under section 3375 the court has power to stay the plaintiff from entering into possession of the property condemned. The following is a copy of the section referred to : " Appeal may be taken to the General Term of the Supreme Court from the final order, within the time provided for appeals from orders, by title 4 of chapter 12 of this act; and all the provisions of such chapter relating to appeals to the General Term from orders of the Special Term shall apply to such appeals. Such appeal will

bring up for review all the proceedings subsequent to the judgment, but the judgment and proceedings antecedent thereto may be reviewed on such appeal, if the appellant states in his notice that the same will be brought up for review, and exceptions shall have been filed to the decision of the court or the referee, and a case, or a case and exceptions, shall have been made, settled and allowed, as required by the provisions of this act, for the review of the trial of actions in the Supreme Court without a jury. The proceedings of the plaintiff shall not be stayed upon such an appeal, except by order of the court, upon notice to him, and the appeal shall not affect his possession of the property taken, and the appeal of a defendant shall not be heard except on his stipulation not to disturb such possession."

It will be observed that by this section, and also by section 3376, the proceedings on an appeal from a judgment are to be governed by the provisions of title 4 of chapter 12 of the Code of Civil Procedure, except in so far as they are modified by the provisions of chapter 23 of the Condemnation Act. The section quoted provides: " The proceeding of the plaintiff shall not be stayed upon such an appeal except by order of the court, upon notice to him." This cuts off the absolute right of the appellant to a stay of proceedings pending the appeal under section 1352, by simply giving an undertaking. The appellant's right to a stay pending appeal, is not an absolute one, but whether it shall be granted or refused, rests in the discretion of the court, and must be determined by the circumstances of each case.

In this case the plaintiff owns the fee of the land, the defendant having only a leasehold interest of short duration. The right of the plaintiff to acquire the property has been determined by a judgment, and the amount awarded has been deposited with the chamberlain. The record shows that the plaintiff has expended about $250,000 on the improvement which the acquisition of this property is necessary to make available.

The defendant does not tender a bond to pay the damages which will be caused by a stay in case his appeal shall be finally determined against him, and it may be doubtful whether an undertaking indemnifying against such consequences could be procured. It is not asserted that the plaintiff is not abundantly able to respond in any sum by which the damages may be increased in case a rehearing is ordered. The Code provides that any additional sum awarded

shall be a lien on the land taken, which, with the sum deposited, would seem to be an ample protection to defendant. If it shall be finally determined that the plaintiff is not entitled to acquire the property, it is liable for the damages, and, as before stated, it is not asserted that it is not entirely able to make the damages good.

Without discussing or determining the question of power, we think the application must be denied, with ten dollars costs.

O'BRIEN and PARKER, JJ., concurred.

Application denied, with ten dollars costs.